FILED
13th JUDICIAL DISTRICT COURT
Sandoval County
2/2/2021 4:40 PM
AUDREY GARCIA
CLERK OF THE COURT
Jennifer Guzman

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
THIRTEENTH JUDICIAL DISTRICT COURT

FORM-COVE MANUFACTURING, INC. a
New Mexico Corporation.

    Plaintiff,

v.                                                     No.  D-1329-CV-2021-00165

    Noel, James A.

CENTRAL MUTUAL INSURANCE COMPANY,
a foreign insurer, HUB INTERNATIONAL
INSURANCE SERVICES, INC., a foreign insurance
agency,

    Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATION OF UNFAIR CLAIMS PRACTICES ACT, VIOLATION OF THE UNFAIR TRADE PRACTICES ACT, AND PUNITIVE DAMAGES

**COMES NOW,** Plaintiff Form-Cove Manufacturing, Inc. ("Form-Cove"), by and through counsel The Law Office of Joseph Yar, P.C. (Joseph Yar), and hereby seeks relief from Central Mutual Insurance Company ("Central Insurance") and Hub International Insurance Services, Inc. ("Hub International") (hereinafter collectively known as "Insurance Defendants") for Breach of Contract (Count I), Insurance Bad Faith (Count II), Breach of the Covenant of Good Faith and Fair Dealing (Count III) and Violation of the New Mexico Unfair Claims Practices Act (Count IV) and Violation of the Unfair Trade Practices Act (Count V) and Punitive Damages.

[*Remainder of page left intentionally blank*]

**EXHIBIT A**

## FACTS

1. Plaintiff entered into a contract for insurance with Central insurance to provide coverage for the 500 Frontage Rd NE, Rio Rancho, NM 87124 ("Property"), business losses, and business personal Property.

2. Hub International procured an insurance policy to meet Plaintiff's requirements and needs through Central Insurance policy for Plaintiff.

3. Insurance Defendants had an insurance policy with its insured, Plaintiff, policy numbers CLP 9579802 10, CLP 9579802 11, CLP 9579802 12, CLP 9579802 13, CLP 9579802 14, CLP 9579802 15 and CLP 9579802 16, (effective from 2013 to 2020) (the "Policy").

4. Plaintiff discovered a potential error in the valuation of the property portion of the insurance policy.

5. More specifically, Plaintiff discovered that the premiums associated with the property valuation that Central Insurance was charging Plaintiff was overstated.

6. On numerous occasions, Plaintiff attempted to understand the basis of the overvaluation by contacting and communicating with Insurance Defendants. On several occasions, Plaintiff requested information on the company's insurance policy and more specifically the basis for which the valuation was determined and verified. On each of the attempts Plaintiff was met with a refusal for various reasons.

7. At all times material hereto, the Policy was in full force and effect.

8. Under New Mexico law, Insurance Defendant Hub International is considered as the agent for Central Insurance. *See* NMSA 59A-18-24.

9. As the agent of Central Insurance, the doctrine of *respondeat superior* applies to Insurance Defendants in relation to any actions by the Insurance Defendants towards Plaintiff.

## JURISDICTION

10. Plaintiff is a New Mexico limited liability company with its registered agent for service of process in Rio Rancho, New Mexico.

11. Upon information and belief, Defendant, Central Insurance, is an Ohio insurance company and is an active insurance company licensed in the state of New Mexico. Central Insurance has policies in force in the state of New Mexico and continues to write policies and otherwise conduct the business of insurance in the state of New Mexico, including Sandoval County.

12. Upon information and belief, Defendant, Hub International, is a California based insurance agency with its principal office in California, and is an active insurance agency licensed in the state of New Mexico.

13. Plaintiff purchased the subject insurance policies from Hub International's Albuquerque office.

14. Upon information and belief, at all material times, Hub International was working on behalf of Central Insurance and Plaintiff.

15. Upon information and belief, all events to this cause of action took place in the State of New Mexico.

16. Jurisdiction and venue are proper in this Court, pursuant to NMSA 1978 § 38-3-1.

## COUNT I
## BREACH OF CONTRACT

17. Plaintiff adopts and incorporates by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

18. Plaintiff has complied with the terms, conditions, and all conditions precedent under the Policy.

19. Based on improper and/or insufficient investigations, and/or inspections of the losses by Central Mutual's agents and representatives, Central Mutual refused to acknowledge or investigate Plaintiff's assertion that the valuations on the Property were incorrect and over valued.

20. By failing to fully understand Plaintiff's losses due to overpayment on the Policy, Insurance Defendants breached their contractual obligations under the terms and conditions of the Policy with Plaintiff by overcharging the Plaintiff and profiting off of the Plaintiff.

21. Insurance Defendants' conduct is the proximate cause of Plaintiff's damages.

22. As a result of the Defendants' breach of contract, Plaintiff has sustained financial losses.

23. As a result of Defendants' breach, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## INSURANCE BAD FAITH

24. Plaintiff adopts and incorporates by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

4

25. Insurance Defendants owe and did owe a duty to Plaintiff to deal fairly and act in good faith by taking into account the Plaintiff's allegation of an overcharge on the property portion of the Policy.

26. Insurance Defendants breached the duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate, and/or pay Plaintiff's' claim in a timely manner.

27. Insurance Defendants failed to act in good faith, and to honestly and fairly balance their own interests with the interests of the insured. *See* <u>Sloan v. State Farm Mut. Auto. Ins. Co.</u>, *2004-NMSC-004, 135 N.M. 106, 85 P.3d 230.*

28. Defendants' denial and/or unreasonable delay was undertaken for reasons that were frivolous and/or unfounded.

29. Defendants' conduct, as set forth herein, has resulted in damages to Plaintiff in an amount to proven at trial.

30. Defendants' conduct, as set forth herein, was in reckless disregard for the interests of its insured, or was based on a dishonest judgment, or was otherwise malicious, willful, or wanton, warranting an award of punitive damages.

## COUNT III
## VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff adopts and incorporates by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

32. The insurance policies sold to Plaintiff by Insurance Defendants impose an absolute duty of good faith and fair dealing and the duty to consider Plaintiff's interests at least equally with Insurance Defendants' interests in making coverage decisions.

5

33. By failing to investigate the issue and to indemnify Plaintiff, Insurance Defendants breached its duty of good faith and fair dealing. (*See Azar v. Prudential Ins. Co. of Am.,* 2003-NMCA-062, 133 N.M. 669, 68 P.3d 909).

34. In the procurement and issuance of insurance Policy to Plaintiff, Insurance Defendants had a duty to act in good faith and to treat policyholders in a fair manner, and to act honestly, both in fact and in law in their dealings.

35. By this breach, Insurance Insurance Defendants has acted to protect its own pecuniary interests without regard to Plaintiff's interests or to Insurance Defendants's obligations under the policy, and Plaintiff has been thereby damaged.

36. In undertaking the wrongful acts described herein, Insurance Defendants have breached their duty of good faith and fair dealing, causing damages to Plaintiff in an amount to be proven at trial, and warranting the imposition of punitive damages as permitted by law.

37. Insurance Defendants' misrepresentations of the terms of the Policy constitute a violation of Insurance Defendants' obligation to treat Plaintiff in good faith and deal fairly under New Mexico law.

38. Insurance Defendants ignored direct physical loss of or damage to their insured under the Policy for financial gain.

39. As a result, Insurance Defendants are liable to Plaintiff for compensatory and punitive damages in an amount representing costs of investigation, defense, damages and judgments or settlement amounts, and all other sums incurred or which may be incurred, as well as costs, attorney fees and interest provided by law.

40. Plaintiff further alleges Defendants benefited from increased financial benefits and ill gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiff.

## COUNT IV
## VIOLATION OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES ACT

41. Plaintiff incorporates by reference all preceding paragraphs as though set forth fully herein,

42. Insurance Defendants violated the New Mexico Unfair Claims Practices Act NMSA 1978, § 59A-16-20, in connection with the handling of Plaintiff's claim, including, but not limited to, the violations:

    a. Insurance Defendants misrepresented pertinent facts or policy provisions related to coverages at issue;

    b. Insurance Defendants failed to acknowledge and act reasonably promptly upon communications with respect to the overcharged amount;

    c. Insurance Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claims of overcharging;

    d. Insurance Defendants did not attempt in good faith to execute a prompt and fair settlement to Plaintiff for the overcharged amount; and

    e. Insurance Defendants failed to promptly provide Plaintiff a reasonable explanation of the basis for not acknowledging Plaintiff's claim for overcharging. (See *Dellaira v. Farmers Ins. Exch.*, 2004-NMCA-132, 136 N.M. 552, 102 P.3d 111).

## COUNT V
## VIOLATION OF THE UNFAIR TRADE PRACTICES AND FRAUDS ACT AND THE INSURANCE CODE

43. Plaintiff adopts and incorporates by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

44. There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (A), (B), (C), (D), (E), (G), and (N), which prohibit the following unfair claims practices:

   a. misrepresenting to insureds pertinent facts or policy provisions relating to coverages at issue;

   b. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under Policy;

   c. failing to adopt and implement reasonable standards for the prompt investigation of the Plaintiff's claims of overbilling;

   d. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear *(See Hovet v. Allstate Ins. Co., 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69)*;

45. Insurance Defendants, through their actions, writings, positions, statements, silence, and other conduct, through misrepresentation of the policy provisions, through delay and failure to investigate or communicate promptly, and other acts, have violated the aforementioned provisions. *(See Dellaira v. Farmers Ins. Exch., 2004-NMCA-132, 136 N.M. 552, 102 P.3d 111)*

46. The actions of Insurance Defendants, as set forth, constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20

47. Insurance Defendants misrepresented to their insured pertinent facts or policy provisions relating to coverages at issue.

48. Insurance Defendants' acts, omissions, Policy, and conduct in violating the New Mexico Trades Practices and Frauds Act, and the New Mexico Insurance Code, have damaged Plaintiff in an amount to be proven at trial.

## PUNITIVE DAMAGES

49. Plaintiff adopts and incorporates by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

50. Insurance Defendants' conduct, acts and omissions in denying coverage, misrepresentations, unlawful denials and delays of benefits and coverage, in failing to procure Policy adequate to meet Plaintiff's needs and requirements, failing to adequately investigate and identify all available coverages, was willful, wanton, reckless and in conscious disregard of Plaintiff's rights, warranting an award of punitive damages against these Insurance Defendants in order to punish them for their conduct and in order to deter them and others from such conduct in the future. (See *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, 135 N.M. 106, 85 P.3d 230).

**WHEREFORE,** Plaintiff prays for judgment as follows: Awarding compensatory damages to Plaintiff for the damages done to it by Insurance Defendants in an amount to be proven at trial;

A. Awarding punitive damages to Plaintiff in an amount sufficient to punish Insurance Defendants for their reckless, willful, and wanton conduct, and to deter them, and others similarly situated, from such conduct in the future in an amount to be proven at trial;

B. Awarding Plaintiff damages from Insurance Defendants as a result of their violations of Article 16 of the New Mexico Insurance Code, in an amount to be determined at trial;

C. Awarding treble damages in accordance with NMSA 1978, Section 57-12-l0(B)(2005), and any and all damages permitted pursuant to NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), which will deter Insurance Defendants and others from such unfair practices and wrongful conduct in the future and will punish them for the conduct set forth in this Complaint;

D. Awarding pre- and post-judgment interest;

E. Awarding Plaintiffs costs and expenses, including attorneys' fees;

F. Granting such other and further relief as the Court deems just and proper.

Dated February 2, 2021.

                                Respectfully submitted,

                                */s/ Joseph Yar*
                                Joseph Yar
                                The Law Office of Joseph Yar, P.C.
                                4004 Carlisle Blvd. NE; Suite S
                                Albuquerque, New Mexico 87107
                                505-620-9574 (office)
                                joseph@yarlawoffice.com
                                *Counsel to Form-Cove Manufacturing, Inc.*