IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FORM-COVE MANUFACTURING, INC.,

    Plaintiff,

    vs.                                                             1:21-cv-00361-KWR-KK

CENTRAL MUTUAL INSURANCE COMPANY,
and HUB INTERNATIONAL INSURANCE SERVICES, INC.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Defendants' Motion to Dismiss All Counts, and in the Alternative Motion to Strike Count IV and Relief for Treble Damages (**Doc. 9**). Having reviewed the parties' pleadings and the relevant law, the Court finds that Defendants' motion is well-taken in part and, therefore, is **GRANTED**. All of Plaintiff's claims are **DISMISSED**.

### BACKGROUND

Plaintiff's substantive factual allegations are as follows. Plaintiff had multiple insurance policies between 2013 to 2020 with Defendants for its commercial property. Plaintiff alleges that it discovered a "potential error in the valuation of the property portion of the insurance policy." **Doc. 1-1 at ¶ 4.** Plaintiff asserts that "it discovered that the premiums associated with the property valuation that Central Insurance was charging Plaintiff was overstated." *Id.* **at 5.** Plaintiff "attempted to understand the basis of the overvaluation by contacting and communicating with Insurance Defendants. On several occasions, Plaintiff requested information on the company insurance policy and more specifically the basis for which the valuation was determined and

verified. On each of the attempts Plaintiff was met with a refusal for various reasons." *Id.* **at ¶ 6.** The remaining allegations are formulaic recitations of the elements of its five causes of action. Plaintiff alleges the following claims:

    Count I:  Breach of Contract

    Count II: Insurance Bad Faith

    Count III: Violation of the Implied Covenant of Good Faith and Fair Dealing

    Count IV: Violation of the New Mexico Unfair Claims Practices Act, NMSA § 59A-16-20

    Count V: Violation of the Unfair Trade Practices and Frauds Act and the Insurance Code.

    Neither party has provided the insurance policies at issue.

Defendants removed this case to this Court, and subsequently filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). **Doc. 9.**

## LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must have sufficient factual matter that if true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("*Iqbal*"). As such, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). In ruling on a motion to dismiss, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). Mere "labels and conclusions" or

"formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants argue that Plaintiff failed to allege sufficient facts to state a plausible claim for each of the five counts because Plaintiff merely alleged "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action". *Twombly*, 550 U.S. at 555. The Court agrees.

### I.     Breach of Contract (Count I) and Good Faith and Fair Dealing (Count III) claims are dismissed.

Plaintiff alleges that Defendants breached the insurance policies by "overcharging" Plaintiff. **Doc. 1-1 at ¶ 20.** Plaintiff also alleges that Defendants breached the insurance policy by refusing to investigate Plaintiff's assertion that the past premium amounts for 2013 to 2020 were incorrect because the valuation of the property was incorrect.

Under New Mexico law, "[t]he elements of a breach-of-contract action are the existence of a contract, breach of the contract, causation, and damages." *Young v. Hartford Cas. Ins. Co.*, 503 F. Supp. 3d 1125, 1179 (D.N.M. 2020). Plaintiff's complaint does not allege what contractual provision or term was breached. Although Defendants pointed out this omission, Plaintiff does not clarify this omission in its response or attach the relevant contracts. Plaintiff simply conclusory alleges a breach of contract occurred. Even if the Court were to inquire on its own as to what provisions may have been breached, Plaintiff does not provide the contracts in question.

Plaintiff does not give any factual allegations on the alleged overcharging, overvaluation, or premium amounts. It is unclear how Plaintiff alleges it was overcharged, and what provision of the contract was breached by the alleged overcharging. It is unclear whether Plaintiff agreed to the amount of premiums or agreed to the valuation amount of the property. Plaintiff does not state

how the alleged failure to investigate violates any provision of the contract.  Therefore, the Court concludes that Plaintiff failed to plead sufficient, non-conclusory factual allegations to plausibly allege a breach of contract.

Similarly, there are insufficient factual allegation here to state a plausible claim that Defendants violated the implied covenant of good faith and fair dealing (Count III).  New Mexico recognizes that insurance contracts incorporate "an implied covenant of good faith and fair dealing that the insurer will not injure its policyholder's right to receive the full benefits of the contract." *Salas v. Mountain States Mut. Cas. Co.*, 145 N.M. 542, 202 P.3d 801, 805 (2009) (quotation omitted). This "covenant requires that neither party do anything which will deprive the other of the benefits of the agreement." *Id.* (quotation omitted).  "[T]he implied covenant of good faith and fair dealing depends upon the existence of an underlying contractual relationship...." *Azar v. Prudential Ins. Co. of Am.,* 133 N.M. 669, 68 P.3d 909, 925 (Ct.App.2003). *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1114 (10th Cir. 2005).  The implied covenant cannot be used to override the express provisions of a written contract.  *Id.*

The covenant is breached "only when a party seeks to prevent the contract's performance or to withhold its benefits from the other party." *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 51, 133 N.M. 669, 685, 68 P.3d 909, 925 ("there is no evidence that Prudential impaired Plaintiffs' right to a benefit promised by the policy; there is, for example, no allegation that it unreasonably refused to allow Plaintiffs to change their mode or frequency of payment under the policies or refused to pay out a benefit."); *Gilmore v. Duderstadt,* 125 N.M. 330, 961 P.2d 175, 182 (Ct.App.1998) ("Whether there has been a breach of the covenant of good faith and fair dealing is a factual inquiry that focuses on the contract and what the parties agreed to." (citations omitted)); *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1114–15 (10th Cir. 2005) ("While

Elliott asserts that Appellees' conduct is not governed by the contracts between the parties and that the contracts are silent as to the conduct at issue, it provides no contractual analysis suggesting that the implication of an unexpressed covenant of good faith and fair dealing is necessary to effectuate the express provisions for the payment of royalties."); *Smoot v. Physicians Life Ins. Co.*, 2004-NMCA-027, ¶ 13, 135 N.M. 265, 268–69, 87 P.3d 545, 548–49 ("The implied covenant is breached only when a party seeks to prevent the contract's performance or to withhold its benefits from the other party. As in *Azar,* in this case, there is no allegation that Defendant refused to pay out a benefit under the policy or unreasonably refused to allow Plaintiff to change her mode or frequency of payment.") (internal citations and quotation marks omitted).

Here, Plaintiff has not alleged sufficient facts to plausibly state that Defendants impaired its right to a benefit promised by the policy or attempted to withhold its benefits from the Plaintiff. Plaintiff does not state why the implied covenant is necessary to effectuate any express provision. Plaintiff simply states that Defendants breached the implied covenant "by failing to investigate the issue and to indemnify Plaintiff." **Doc. 1-1 at 6.** This type of conclusory allegation does not state a plausible claim.

Therefore, the Court dismisses Plaintiff's breach of contract (Count I) and implied covenant of good faith and fair dealing (Count III) claims.

**II.     Insurance Bad Faith claim (Count II) is dismissed.**

Plaintiff alleges that Defendants acted in bad faith by failing to timely and properly investigate Plaintiff's assertion that the premiums were overcharged. Plaintiff alleges that "on each of the attempts Plaintiff was met with a refusal for various reasons." **Doc. 1-1 at ¶ 6.** Plaintiff asserts that Defendants also failed to refund the overcharged premiums.

Initially, the Court concludes that Plaintiff has not alleged sufficient facts to state a plausible insurance bad faith claim.

"[A]n insurer acts in bad faith when it denies a first party claim for reasons that are frivolous or unfounded. *Am. Nat. Prop. & Cas. Co. v. Cleveland*, 2013-NMCA-013, ¶ 11, 293 P.3d 954, 958. "Unfounded is defined not as 'erroneous' or 'incorrect[,]' but rather the failure to exercise care for the interests of the insured, an arbitrary or baseless refusal to pay, lacking support in the language of the policy or the circumstances of the claim. 'Unfounded' is synonymous with 'frivolous.'" *Id.* (internal citations and quotation marks omitted).  The term has been more specifically defined:

> "Unfounded" in this context does not mean "erroneous" or "incorrect"; it means essentially the same thing as "reckless disregard," in which the insurer "*utterly* fail[s] to exercise care for the interests of the insured in denying or delaying payment on an insurance policy." It means an utter or total lack of foundation for an assertion of nonliability—an arbitrary or baseless refusal to pay, lacking any arguable support in the wording of the insurance policy or the circumstances surrounding the claim.

*Jackson Nat'l Life Ins. Co. v. Receconi,* 113 N.M. 403, 419, 827 P.2d 118, 134 (1992) (citation omitted), *quoted in Am. Nat. Prop. & Cas. Co. v. Cleveland*, 2013-NMCA-013, ¶ 12, 293 P.3d 954, 958.

Plaintiff's complaint asserts bare-bones, conclusory allegations.  Plaintiff has not explained how the investigation was flawed, how Defendants responded to Plaintiff's inquiries, how Defendants failed to follow a provision of the insurance policy, how Defendants' response lacks support in the language of the policy, or how Defendants breached the terms of the policy.  Plaintiff does not give any factual details on the alleged overcharged premiums, it's requests to Defendants to investigate and refund the overcharged premiums, and Defendants' refusals. As noted above, it is unclear whether the premiums were set out in the policy, or whether an incorrect property

valuation was set out in the policy.  As above, Plaintiff's conclusory allegations do not state a plausible claim.

Alternatively, the Court notes that Plaintiff has not cited to any cases in support of its assertion that insurance bad faith law may be applied to a refusal to provide more information about the calculation of a premium.  **Doc. 17 at 4.**  Because Plaintiff has not made a first or third party claim on its policy or pointed out how Defendants breached the policy, it is unclear whether New Mexico's insurance bad faith law applies.  Plaintiff has not pointed to any New Mexico case law applying insurance bad faith principles to the type of claim at issue here – alleged overpayment of premiums.

Therefore, the Court dismisses Plaintiff's insurance bad faith claim (Count II).

### III.     Statutory Unfair Practices Act claims (Counts IV and V) are Dismissed.

Although Plaintiff alleges two separate statutory unfair practices act claims, Plaintiff cites to the same statute for both claims- NMSA § 59A-16-20.  As above, Defendants argue that Plaintiff failed to allege sufficient facts to state a plausible claim.  The Court agrees.

As to Count IV, Plaintiff alleges that Defendants violated the New Mexico Unfair Claims Practices Act, NMSA 1978 § 59A-16-20, by (1) misrepresenting facts or policy provisions related to coverage; (2) failing to acknowledge and act reasonably promptly upon communications with respect to the overcharged amount; (3) failing to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claims of overcharging; (4) failing to act in good faith to execute a prompt and fair settlement to Plaintiff for the overcharged amount; and (5) failing to promptly provide Plaintiff a reasonable explanation of the basis for their refusal to refund the overcharged amount.  Plaintiff merely recites the elements under NMSA § 59A-16-20 but does not allege facts supporting those elements anywhere in the complaint.  For example, the complaint

makes no factual allegations that Defendants misrepresented the terms of the policy. Plaintiff does not allege that these acts occurred "with such frequency as to indicate a general business practice." N.M. Stat. Ann. § 59A-16-20. Plaintiff does not give any factual detail on Defendants' alleged failure to respond to Plaintiff's inquiry. Plaintiff does not allege any factual allegations in support of its claim, and the mere "formulaic recitation of the elements of a cause of action" warrants dismissal of Count IV. *Twombly,* 550 U.S. at 555.

Under Count V, Plaintiff asserts that Defendants violated the Insurance Trade Practice and Fraud Act, NMSA § 59A-16-1 through 30, including NMSA § 59A-16-20 (A), (B), (C), (D), (E), (G), (N). **Doc. 1-1 at 8.** Plaintiff alleges that Defendants misrepresented facts or policy provisions, failed to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under the policy, failed to adopt and implement reasonable standards for the prompt investigation of Plaintiff's claims of overbilling, and failed to act in good faith to effectuate a prompt and fair settlement of the insured's claims. Again, Plaintiff merely recites the elements, and does not state any factual allegations.

Therefore, the Court dismisses Counts IV and V for failure to state a claim.

## CONCLUSION

For the reasons stated above, all of Plaintiff's claims are dismissed for failure to allege sufficient facts to state a plausible claim. Plaintiff merely alleged "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action," which is not sufficient to state a plausible claim. *Twombly*, 550 U.S. at 555. The Court will dismiss the claims with prejudice, as Plaintiff did not seek leave to amend.

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss (**Doc. 9**) is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**